

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable L. A. Woods
State Superintendent of Public Instruction
Austin, Texas

Dear Sir:

Attention: Mr. T. M. Trimble

Opinion No. O-1642
Re: Definition of term "session"
as used in Article 295, Penal
Code of Texas.

Your request for an opinion defining the term "session" as used in Article 295, Penal Code of Texas, has been received by this Department.

Article 295, Penal Code, reads as follows:

"Any person who loiters or loafs upon any public school grounds during the session of such school after being warned by the person in charge of such school to leave such grounds shall be fined not less than five nor more than twenty-five dollars."

In the case of King v. State, 169 S. W. 675, the Court of Criminal Appeals of Texas sustained a conviction under this statute but no question as to the meaning of the term under consideration arose or was discussed.

A discussion of the term "session" is found in Volume 57 Corpus Juris at page 287. Two definitions are there given, the first attempting to define the term as used in its "broad sense" or in the "sense of time," indicating that the word is sometimes used to indicate a complete period of time, synonomous with the word "term." The second definition defines the word as it is used in its "less extended sense" and in this connection the following statement is made:

"The time during which a court, or legislative body, or other assembly sits for the transaction of business; or the time during which it is convened and actually engaged in business."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. L. A. Woods, Page 2

In the case of Shaw v. Carter, 287 Pac. 273, the Oklahoma Supreme Court, in discussing the meaning of the word "session," clearly recognizes that the word can be and is used in both a broad and restricted sense. The court sets out the result of an extended study on the subject and makes exhaustive comments on both meanings. While the occasion for defining the word has never arisen under Article 295, Penal Code, the Courts of Texas have recognized the fact that the word does have two distinct meanings and have further recognized a clear-cut distinction between the meaning of the word "session" and that of the word "term." See Robertson v. State, 70 S. W. 542; Lipari v. State, 19 Tex. Apps. 431; Emerson v. M.K.T. Ry., 82 S. W. 1060.

Webster's International Dictionary gives the following general definition:

"The actual or constructive sitting of a court, counsel, legislature, etc., or the actual or constructive assembly of the members of such a body, for the transaction of business. . . "

The same authority gives the following definition, as relating to education:

"A period of the year during which an educational institution conducts classes or gives instructions."

The intention of the Legislature in enacting this statute becomes clear when all the attendant circumstances are taken into consideration. The buildings and property of schools are protected by other general laws relating to trespass, burglary and theft. The evident purpose of the statute under consideration is the protection of children and the preservation of order and decorum throughout that period of the day during which school is open and in session. The authority of teachers in charge is clearly recognized and sustained. Had the Legislature intended the statute to operate at any other time, no apparent reason exists for limiting its application to any particular period of the year; furthermore, if the Legislature meant to refer to the entire school year, the word "term" would have been appropriate and specific.

It is therefore the opinion of this Department that the term "session," as used in Article 295, Penal Code, refers to that period of the day during which a school is open, classes are conducted and other business and school matters are considered. In other

words, the session of a school commences at the time the doors are opened in the morning and closes at the time the person in charge locks the doors in the afternoon or evening.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ross Carlton*
Ross Carlton
Assistant

RC:N   APPROVED NOV 6, 1939

FIRST ASSISTANT
ATTORNEY GENERAL



APPROVED
OPINION
COMMITTEE
BY *BCB*
CHAIRMAN